E-FILED
Wednesday, 18 August, 2004 03:31:22 PM
Clerk, U.S. District Court, ILCD

FILED
AUG 18 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL ALVAREZ, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 04-2162     9:20am |
| | ) |
| CITY OF DANVILLE, | ) |
| OFFICER T. WASSON, badge | ) |
| number 347, individually | ) |
| and as an employee of the Police | ) |
| Department of the City of Danville, | ) |
| and OFFICER BLEW, individually | ) |
| and as an employee of the Police | ) |
| Department of the City of Danville, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### COUNT I

Comes now the plaintiff, Manuel Alvarez, Sr., by his attorneys, George Ripplinger & Associates, and for his first cause of action against the defendant, Officer T. Wasson, badge number 347, states:

1. On or about September 13, 2003, plaintiff, Manuel Alvarez, Sr., was lawfully on his property at 1011 Mabin Street, Danville, Vermilion County, Illinois.

2. At said time and place, plaintiff, Manuel Alvarez, Sr., was placed under arrest by defendant, Officer T. Wasson, badge number 347.

3. During the arrest, defendant, Officer T. Wasson, badge number 347,

intentionally, excessively, unnecessarily, and with complete indifference to the safety and constitutional rights of Plaintiff, used a Mark 26 Tazer on plaintiff, Manuel Alvarez, Sr.

4. During the arrest, defendant, Officer T. Wasson, badge number 347, forcefully wrestled plaintiff, Manuel Alvarez, Sr., to the ground and then intentionally and violently struck plaintiff with a knee to his abdominal area knowing or with a conscious disregard that such conduct could severely and permanently injure Manuel Alvarez, Sr.

5. Such action constitutes excessive force and was highly unwarranted under the circumstances.

6. As the result of such action the defendant, Officer T. Wasson, badge number 347, committed a battery upon the person of the plaintiff, Manuel Alvarez, Sr.

7. As the result of such action by the defendant, Officer T. Wasson, badge number 347, plaintiff, Manuel Alvarez, Sr., suffered severe and permanent physical injury; his bladder was ruptured, as well as extreme mental anguish, emotional distress, and embarrassment.

WHEREFORE, plaintiff prays this honorable court enter a judgment in favor of the plaintiff, Manuel Alvarez, Sr., and against the defendant, Officer T. Wasson, badge number 347, in excess of $75,000.00 for compensatory damages, $200,000 in

punitive damages, plus his costs of suit, and such other and further relief as this court deems just and proper.

## COUNT II

Comes now the plaintiff, Manuel Alvarez, Sr., by his attorneys, George Ripplinger & Associates, and for his second cause of action against the defendant, Officer T. Wasson, badge number 347, states:

1. On or about September 13, 2003, plaintiff, Manuel Alvarez, Sr., was lawfully on his property at 1011 Mabin Street, Danville, Vermilion County, Illinois.

2. At said time and place, plaintiff, Manuel Alvarez, Sr., was placed under arrest by defendant, Officer T. Wasson, badge number 347.

3. During the arrest, defendant, Officer T. Wasson, badge number 347, intentionally, excessively, unnecessarily, and with complete indifference to the safety and constitutional rights of Plaintiff, used a Mark 26 Tazer on plaintiff, Manuel Alvarez, Sr.

4. During the arrest, defendant, Officer T. Wasson, badge number 347, forcefully wrestled plaintiff, Manuel Alvarez, Sr., to the ground and then intentionally and violently struck plaintiff with a knee to his abdominal area knowing or with a conscious disregard that such conduct could severely and permanently injure Manuel Alvarez, Sr.

5. Such action constitutes excessive force and was highly unwarranted

under the circumstances.

    6.    As the result of such action the defendant, Officer T. Wasson, badge number 347, committed a battery upon the person of the plaintiff, Manuel Alvarez, Sr.

    7.    As the result of such action by the defendant, Officer T. Wasson, badge number 347, plaintiff, Manuel Alvarez, Sr., suffered severe and permanent physical injury; his bladder was ruptured, as well as extreme mental anguish, emotional distress, and embarrassment.

    8.    As the result of the above-stated actions, defendant, Officer T. Wasson, badge number 347, under color of law, subjected the plaintiff, Manuel Alvarez, Sr., to a deprivation of rights secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

    9.  That as the result of said deprivation, defendant, Officer T. Wasson, badge number 347, is liable to the plaintiff, Manuel Alvarez, Sr., by virtue of 42 U.S.C. §1983.

WHEREFORE, plaintiff prays this honorable court enter a judgment in favor of the plaintiff, Manuel Alvarez, Sr., and against the defendant, Officer T. Wasson, badge number 347, in excess of $75,000.00 for compensatory damages and $200,000.00 for punitive damages, plus costs of suit and reasonable attorney's fees, and such other and further relief as this court deems just and proper.

## COUNT III

Comes now the plaintiff, Manuel Alvarez, Sr., by and through his attorneys, George Ripplinger & Associates, and for his first cause of action against the defendant, Officer Blew, states:

1. On or about September 13, 2003, plaintiff, Manuel Alvarez, Sr., was lawfully on his property at 1011 Mabin Street, Danville, Vermilion County, Illinois.

2. At said time and place, plaintiff, Manuel Alvarez, Sr., was placed under arrest by defendant, Officer T. Wasson, badge number 347, and defendant Officer Blew.

3. During the arrest, Officer T. Wasson, badge number 347, in the presence of Officer Blew, intentionally, excessively, unnecessarily, and with complete indifference to the safety and constitutional rights of Plaintiff, used a Mark 26 Tazer on plaintiff, Manuel Alvarez, Sr.

4. During the arrest, defendant, Officer T. Wasson, badge number 347, in the presence of Officer Blew, forcefully wrestled plaintiff, Manuel Alvarez, Sr., to the ground and then intentionally and violently struck plaintiff with a knee to his abdominal area knowing or with a conscious disregard that such conduct could severely and permanently injure Manuel Alvarez, Sr.

5. Such action constitutes excessive force and was highly unwarranted under the circumstances.

6. Contrary to his duty to Plaintiff, and with complete indifference to the safety and constitutional rights of Plaintiff, Defendant Officer Blew did nothing to prevent the unlawful and violent actions of Officer T. Wasson.

7. As the result of such inaction by the defendant, Officer Blew, plaintiff, Manuel Alvarez, Sr., suffered severe and permanent physical injury, his bladder was ruptured, as well as extreme mental anguish, emotional distress, and embarrassment.

WHEREFORE, plaintiff prays this honorable court enter a judgment in favor of the plaintiff, Manuel Alvarez, Sr., and against the defendant, Officer Blew, in excess of $75,000.00 for compensatory damages, $200,000 in punitive damages, plus costs of suit, and for such other and further relief as this court deems just and proper.

### COUNT IV

Comes now the plaintiff, Manuel Alvarez, Sr., by and through his attorneys, George Ripplinger & Associates, and for his second cause of action against the defendant, Officer Blew, states:

1. On or about September 13, 2003, plaintiff, Manuel Alvarez, Sr., was lawfully on his property at 1011 Mabin Street, Danville, Vermilion County, Illinois.

2. At said time and place, plaintiff, Manuel Alvarez, Sr., was placed under arrest by defendant, Officer T. Wasson, badge number 347, and defendant Officer Blew.

3. During the arrest, Officer T. Wasson, badge number 347, in the

6

presence of Officer Blew, intentionally, excessively, unnecessarily, and with complete indifference to the safety and constitutional rights of Plaintiff, used a Mark 26 Tazer on plaintiff, Manuel Alvarez, Sr.

4. During the arrest, defendant, Officer T. Wasson, badge number 347, in the presence of Officer Blew, forcefully wrestled plaintiff, Manuel Alvarez, Sr., to the ground and then intentionally and violently struck plaintiff with a knee to his abdominal area knowing or with a conscious disregard that such conduct could severely and permanently injure Manuel Alvarez, Sr.

5. Such action constitutes excessive force and was highly unwarranted under the circumstances.

6. Contrary to his duty to Plaintiff, and with complete indifference to the safety and constitutional rights of Plaintiff, Defendant Officer Blew did nothing to prevent the unlawful and violent actions of Officer T. Wasson.

7. As the result of such inaction by the defendant, Officer Blew, plaintiff, Manuel Alvarez, Sr., suffered severe and permanent physical injury, his bladder was ruptured, as well as extreme mental anguish, emotional distress, and embarrassment.

8. As the result of the above-stated actions, defendant, Officer Blew, under color of law, subjected the plaintiff, Manuel Alvarez, Sr., to a deprivation of rights secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

9. That as the result of said deprivation, defendant, Officer Blew, is liable to the plaintiff, Manuel Alvarez, Sr., by virtue of 42 U.S.C. §1983.

WHEREFORE, plaintiff prays this honorable court enter a judgment in favor of the plaintiff, Manuel Alvarez, Sr., and against the defendant, Officer Blew, in excess of $75,000.00 for compensatory damages and $200,000.00 for punitive damages, plus costs of suit and reasonable attorney's fees, and such other and further relief as this court deems just and proper.

## COUNT V

Comes now comes the plaintiff, Manuel Alvarez, Sr., by and through his attorneys, George Ripplinger & Associates, and for his first cause of action against the defendant, City of Danville, states:

1. On or about September 13, 2003, plaintiff, Manuel Alvarez, Sr., was lawfully on his property at 1011 Mabin Street, Danville, Vermilion County, Illinois.

2. At said time and place, plaintiff, Manuel Alvarez, Sr., was placed under arrest by defendant, Officer T. Wasson, badge number 347, and defendant Officer Blew.

3. During the arrest, Officer T. Wasson, badge number 347, in the presence of Officer Blew, intentionally, excessively, unnecessarily, and with complete indifference to the safety and constitutional rights of Plaintiff, used a Mark 26 Tazer on plaintiff, Manuel Alvarez, Sr.

8

4.  During the arrest, defendant, Officer T. Wasson, badge number 347, in the presence of Officer Blew, forcefully wrestled plaintiff, Manuel Alvarez, Sr., to the ground and then intentionally and violently struck plaintiff with a knee to his abdominal area knowing or with a conscious disregard that such conduct could severely and permanently injure Manuel Alvarez, Sr.

5.  Such action constitutes excessive force and was highly unwarranted under the circumstances.

6.  Contrary to his duty to Plaintiff, and with complete indifference to the safety and constitutional rights of Plaintiff, Defendant Officer Blew did nothing to prevent the unlawful and violent actions of Officer T. Wasson.

7.  As the result of such actions, the defendant, Officer T. Wasson, badge number 347 committed a battery upon the person of the plaintiff, Manuel Alvarez, Sr.

8.  As the result of the above-stated actions, defendants, Officer T. Wasson, badge number 347 and Officer Blew, under color of law, subjected the plaintiff, Manuel Alvarez, Sr., to a deprivation of rights secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Plaintiff suffered severe and permanent physical injury, his bladder was ruptured, as well as extreme mental anguish, emotional distress, and embarrassment.

9.  The aforesaid conduct of the defendants, Officer T. Wasson, badge number 347 and Officer Blew, was authorized by formal or informal municipal policy

adopted and promulgated by the defendant, City of Danville, or by its primary policymaker, the Mayor and the Chief of Police.

10. As the result of said deprivation, defendant, City of Danville, is liable to the plaintiff, Manuel Alvarez, Sr., by virtue of 42 U.S.C. §1983.

WHEREFORE, plaintiff asks this honorable court to enter a judgment in favor of the plaintiff, Manuel Alvarez, Sr., and against the defendant, City of Danville, in an amount in excess of $75,000.00 for compensatory damages, plus costs of suit and reasonable attorney's fees, and for such other and further relief as this court deems just and proper.

GEORGE RIPPLINGER & ASSOCIATES

By: _____
George R. Ripplinger, #02343797
Attorney for Plaintiff

George Ripplinger and Associates
2215 West Main Street
Belleville, IL 62223
(618) 234-2440
(618) 234-6728 Fax
george@ripplingerlaw.com