UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL ALVAREZ, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| CITY OF DANVILLE, OFFICER T. WASSON, badge number 347, individually and as employee of the Police Department of the City of Danville, and OFFICER BLEW, individually and as an employee of the Police Department of the City of Danville, | )  NO. 04-2162 |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Now come the Defendants, City of Danville, Officer Troy Wasson and Officer Joseph Blew by John F. Martin of Meachum & Martin and in reply to the Plaintiff's Response to Defendants' Motion for Summary Judgment state as follows:

    **(A)  Reply to Additional Material Facts.**

    (1)  Defendants concede the undisputed material facts of Section (b)(4) of Plaintiff's response contained in paragraphs 1, 3, and 6.  Defendants concede the facts of paragraph 7 only as they pertain to Sergeant McFadden.

(2)  Disputed Material Facts.

Defendants deny paragraph 2 because the Plaintiff did not comply with the officers' commands and instead moved toward Officer Wasson with his fists clenched.  (Wasson Dep. pgs. 13, 17, 22-23; Plaintiff's Dep. p. 27; Blew Dep. pgs. 9, 14)

Defendants deny paragraph 4 because to the officers it appeared Plaintiff was refusing to comply with their commands and was not "frozen" since he moved toward Officer Wasson. (Blew Dep. pgs. 9, 14; Wasson Dep. pgs. 22-23)

Plaintiff denies paragraph 7 to the extent it pertains to Officer Blew.  Officer Blew testified he probably would have kicked Plaintiff the same way Officer Wasson did, a kick in the pelvic area or basically where the bones are.  (Blew Dep. pgs. 42-43)

Defendants deny paragraph 8 because Officer Wasson testified he aimed for the pelvic area.  (Wasson Dep. p. 29)

Defendants deny paragraph 12 because the Plaintiff moved toward Officer Wasson with his fists clenched and was not obeying the officers' commands.  (Wasson Dep. pgs. 13, 17, 22-23; Plaintiff's Dep. p. 27; Blew Dep. pgs. 9, 14)

Defendants deny paragraph 13 because the Plaintiff had been in a fight with Jeremy Fleming and the history the Plaintiff told Dr. Ochoa was that he was involved in an altercation and

was kicked in all parts of the body including the face. (Plaintiff's Dep. pgs. 21, 26; Dr. Ochoa Dep. pgs. 18-22)

(3) Immaterial Facts.

Defendants state that the following paragraphs are immaterial to the issues of this case:

With reference to paragraph 5, whether the officers knew that a person who was tasered may appear frozen is immaterial since the taser did not work and the Plaintiff was not "frozen."

With reference to paragraph 9, whether Officer Wasson wrote in his police report that he kicked Plaintiff is immaterial to the issue as to whether the officers acted reasonably when confronted with the circumstances at the scene.

With reference to paragraph 10, whether the Plaintiff was charged with an offense is immaterial to the issue as to whether the officers acted reasonably when confronted with the circumstances at the scene.

With reference to paragraph 11, whether Jeremy Fleming was booked for battery and the Plaintiff was not booked for battery is immaterial to the issue of whether the officers acted reasonably when confronted with the circumstances at the scene.

**(B) Argument.**

In his response Plaintiff states that under Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001) the Court in

3

considering whether a use of force is excessive is to consider the severity of the crime, whether the suspect posed a threat to the officers, and whether the suspect was resisting arrest or attempting to evade arrest by flight.

Plaintiff's characterization of the evidence on these elements is not in line with the facts of the case. Plaintiff argues that the crime at issue was battery or disturbing the peace which are misdemeanors. The inference is that if the crime is "only" battery or disturbing the peace, that force in making an arrest cannot be used. This is certainly not the law.

In addition, there were a number of crimes committed by the Plaintiff. A fight was in progress and Officer Wasson witnessed the Plaintiff strike Jeremy Fleming over the head which would be battery, which is a Class A misdemeanor. 720 ILCS Section 5/12-3. The fact that the Plaintiff used a pole or a metal plate to strike Fleming over the head and knock him to the ground would constitute battery with a deadly weapon other than a firearm which is a Class 3 felony. 720 ILCS Section 5/12-4.

In addition, the Plaintiff's noncompliance with the officers' instructions to go to the ground, and his action instead to move toward Officer Wasson with his fists clenched could constitute attempted aggravated battery on a peace officer which occurs when an individual intends to do an act which constitutes a substantial step toward the commission of that

offense. Aggravated battery against a police officer is a Class 2 felony. 720 ILCS Section 5/12-4. Attempted aggravated battery against a police officer is a Class 3 felony. 720 ILCS Section 5/8-4.

The evidence also is that the Plaintiff was resisting arrest in refusing to comply with the commands of the officers and in refusing to give up his hands once they had taken him to the ground to be handcuffed. Resisting arrest is a Class A misdemeanor. 720 ILCS Section 5/31-1. Lastly the Plaintiff was guilty of disorderly conduct which is a Class C misdemeanor. 720 ILCS Section 5/26-1.

As far as whether the Plaintiff posed an immediate threat to the officers, it is apparent that that was the case. Officer Wasson knew there was a fight in progress and had just seen the Plaintiff bash Jeremy Fleming over the head with a pipe or metal object. The Plaintiff then failed to comply with the officers' instructions to get on the ground and instead moved toward Wasson with his fists clenched. These facts certainly show that there was an immediate threat to the officers.

Lastly the Plaintiff was clearly resisting arrest since he did not comply with the officers' instructions, made a provoking move toward Officer Wasson, struggled with the officers as they took him to the ground, and refused to give up his hands to be handcuffed once they had him on the ground.

5

The issue of Defendants' qualified immunity is a question of law for the Court. Eversole v. Steele, 59 F.3d 710 (7th Cir. 1995). When considering the defense of qualified immunity an objective legal standard should be applied. Vickery v. Jones, 100 F. 1334 (7th Cir. 1996). The inquiry is focused on the "objective legal reasonableness" of the action. Erwin v. Daley, 92 F.3d 521 (7th Cir. 1996) cert. den. 519 U.S. 1116 (1997).

In Jones v. Webb, 45 F.3d 178 (7th Cir. 1995) a suspect refused to leave a house. The officer lifted the suspect in the air by his neck and arm and carried him from the residence and struck the suspect's hands to loosen his grip on a handrail and then applied handcuffs. The Court found that the use of force was not clearly excessive under the circumstances.

As the Supreme Court noted in Saucier, an officer may have a mistaken understanding as to whether a particular use of force was lawful under the circumstances, but as long as the officers' mistake was reasonable, qualified immunity applies. This analysis goes beyond the facts of the present case where Officer Wasson's actions were reasonable under the circumstances.

Plaintiff cites Abdullahi v. City of Madison, 2005 U.S. App. Lexus, 19580 (04-4114) (7th Cir. 2005). The facts of Abdullahi are different from the present case. There plaintiff's decedent was already on the ground handcuffed and being held by several officers although he was squirming and

6

Officer Brooks kneeled on his back which caused chest and neck trauma including a collapsed lung and injuries consistent with strangulation from which plaintiff's decedent died at the scene.

The divided court held there was an issue of material fact as to whether the amount of force was unreasonable and noted that no one contended that deadly force was justified once plaintiff's decedent was lying prone on the ground with his arms behind him.  2005 U.S. App. Lexus 19580 at p. 5.  The distinctions from the present case are obvious and as Justice Evans noted in his dissent, the question is not whether Officer Brooks pressed harder than he should have, but whether at the time he acted reasonably.

Rudolph v. Jones, 2002 WL 1941360 (N.D. Ill.) is also relied on by Plaintiff.  In Rudolph, there was a report that shots had been fired in a trailer court and Officer Jones saw a vehicle which contained the plaintiff leaving the trailer court. He pursued the vehicle and during the pursuit the plaintiff exited the vehicle and ran.  While trying to cross a fence he was shot by Officer Jones.

The Court noted:

> A shooting of a fleeing suspect will be
> objectively reasonable only when the
> officer has probable cause to believe
> that the suspect poses a significant
> threat of serious physical injury to
> himself, the officer, or others, and

7

>   when the officer where feasible has
>   given some warning. (citations omitted)

>                                   2002 WL 1941360 at p. 3

The Court said summary judgment was not appropriate since under the plaintiff's version of the facts Officer Jones did not make a reasonable mistake if he believed that it was a legal use of force to shoot a non-threatening fleeing teenager without warning and then kick him after he was lying down.  2002 WL 1941360 at p. 3.

Unlike Rudolph, in the present case the officers had witnessed Plaintiff commit criminal acts, had refused to comply with the officers' commands, made a threatening move toward Officer Wasson, and resisted arrest.  Under these facts the actions of the officers were objectively reasonable and qualified immunity should apply.

Battery Count.  Plaintiff relies on Duarte v. City of Chicago, 1990 WL 165302 (N.D. Ill. 1990) in opposition to that portion of the Motion for Summary Judgment on the battery claim.

In Duarte, the plaintiff's complaint alleged that the defendant officers pursuant to a search warrant based on information from an unidentified informant, broke into plaintiff's home without identifying themselves as police officers or displaying the warrant.  The complaint alleged they searched the home in an abusive and violent manner damaging

8

property and terrorizing plaintiffs. The complaint alleged that they held a handgun to the head of one plaintiff and beat another plaintiff with a bat.

The officers in the City of Chicago filed a motion to dismiss which the District Court denied. It is important to note that in <u>Duarte</u> the ruling was on the motion to dismiss the complaint and the complaint's adequacy to state a claim. Because the amended complaint alleged that the officers acted intentionally, it's sufficed to allege willful and wanton conduct. 1990 WL 165302 at p. 4.

This is certainly different from the present case where the Defendant officers filed a Motion for Summary Judgment supported by depositions of the parties.

Without reiterating the argument and case law in the Defendants' Motion for Summary Judgment, Defendants submit that the evidence in this case does not support a finding of willful and wanton misconduct. <u>Smith v. City of Chicago</u>, 242 F.3d 737 (7th Cir. 2001).

## Conclusion

The Defendants request that the Court enter summary judgment in favor of the Defendant officers.

9

>s/ John F. Martin
>Attorney for Defendants
>Meachum & Martin
>110 N. Vermilion
>Danville, IL  61832
>Telephone:  (217)442-1390
>Fax:  (217)442-2042
>E-mail:  jfmartin2@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  George Ripplinger and Jamie Bas, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant: George Ripplinger, Jamie Bas, George Ripplinger and Associates, 2215 West Main Street, Belleville, IL  62223.

>s/ John F. Martin
>Attorney for Defendants
>Meachum & Martin
>110 N. Vermilion
>Danville, IL  61832
>Telephone:  (217)442-1390
>Fax:  (217)442-2042
>E-mail:  jfmartin2@aol.com