# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL ALVAREZ, SR., | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 04-2162 |
| OFFICER TROY WASSON, badge number 347, | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTIONS IN LIMINE

NOW COMES the plaintiff, Manuel Alvarez, by his attorneys, George Ripplinger and Associates, and moves that this Court enter an order in limine, directing the defendants, through their respective counsel, the defendant's counsel, and any witnesses called by defendants to refrain from making any direct or indirect mention, whatsoever at trial, before the jury, of the matters herein set forth without first obtaining permission of this Court, outside the presence of hearing of the jury:

1. Any arrests of Manuel Alvarez, at any time other than September 13, 2003. Manuel Alvarez was arrested for driving under the influence in 1989 and 2001. Any prior or subsequent arrests are irrelevant to any issue in this case, and highly prejudicial to the plaintiff. Arrests are not the proper subject for cross-

examination, generally. Under Fed. R. Evid. 608, specific instances of conduct of a witness, for the purpose of attacking the witness' credibility, may only be inquired into on cross-examination if probative of truthfulness or untruthfulness. Any arrests of Manuel Alvarez provide no such proof. See Exhibit "A".

2.  Any criminal convictions of Manuel Alvarez. Mr. Alvarez was convicted as a minor for burglary in 1973 or 1974. The only purpose for which any criminal convictions of Manuel Alvarez could possibly be relevant to this case is impeachment. This would be governed by Fed. R. Evid. 609. Manuel Alvarez was convicted of any crime punishable by death or imprisonment in excess of one year, but it was more than ten years prior to his cause of action when he was a minor. Therefore, no criminal convictions of Manuel Alvarez are admissible in this cause. See Exhibit "A".

3.  That there have been collateral source payments of the plaintiff's expenses or that they have been paid. Bireline v. Espenscheid, 15 Ill.App.3d 368, 304 N.E.2d 508 (1973); Cooney v. Hughes, 310 Ill.App. 371; Mineko v. Rizzuto, 65 Ill.App.2d 35; Wolf v. Wipple, 112 Ill.App.2d 255, 251 N.E.2d 77, 82 (1969); Brumley v. Federal Barge Lines, Inc., 78 Ill.App.3d 799, 396 N.E.2d 1333, 33 Ill.Dec. 609, 615 (1979).

4. That the defendant's professional reputation is in any way at stake in this case. *Rush v. Hamdy,* 255 Ill.App.3d 352 (4th Dist. 1993)

5. That the defendant would be personally responsible for satisfaction of any judgment entered in this case. *Rush v. Hamdy,* 255 Ill.App.3d 352 (4th Dist. 1993).

6. That Jeremy Flemming and Tiffany Dill were within the power of Plaintiff to produce at trial, but did not. Jeremy Flemming and Tiffany Dill are equally available to the Defendant as they are to the Plaintiff. The jury should not be allowed to infer that because Plaintiff did not call them as witnesses that they would have given adverse testimony. The Seventh Circuit has ruled that adverse inference from missing witness jury instruction should be given when: (1) that person was physically available only to the party against whom the inference would have been drawn; or (2) that person has a relationship with that party that practically renders the testimony unavailable to the party's adversary. *Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993). Therefore, the Defendant should be prohibited from stating or inferring that Plaintiff failed to call Jeremy Flemming an Tiffany Dill as witnesses.

7. That any person other than Troy Wasson kicked Manuel Alvarez in the pelvic area. Troy Wasson testified in his deposition that he kicked Manuel

Alvarez, "As I was approaching Mr. Alvarez, at that point I recall that he was facing directly at me and he took one step towards me. At that point I was within three to five feet, and at that point I had my TASER in one hand, my left hand was empty, and I used a front kick and kicked Mr. Alvarez in the pelvis area." Wasson Deposition, Pg. 22-23. No other witness testified that anyone else kicked or struck Manuel in the bladder area, therefore no reference should be made that anyone other than Troy Wasson struck Manuel Alvarez in the bladder area on, September 13, 2003.

8. Any reference regarding whether Manuel Alvarez has worked since July of 2003. In July, 2003 Mr. Alvarez was injured and became disabled. He has not been able to work since that time period. Plaintiff is not seeking lost wages in this lawsuit and any reference to his lack of employment is prejudicial and not relevant to this lawsuit.

9. Any remarks regarding the pecuniary circumstances of any of the parties. *Hedge v. Midwest Contractors Equipment Co.*, 53 Ill.App.2d 365, 202 N.E.2d 869, 874 (1st Dist. 1964).

10. That insurance disability payments have been made to the Plaintiff as a result of his back injury in July, 2003. *Schmitt v. CTA*, 34 Ill.App.2d 67, 179 N.E.2d 838 (1962).

11. The fact that the Plaintiff could be hospitalized or institutionalized in the future at governmental expense or at no expense to the plaintiff or that free medical or nursing services were available to the Plaintiff. *Phelan v. Santelli*, 30 Ill.App.3d 657, 334 N.E.2d 391, 398 (3rd Dist. 1975).

12. That the Defendant attorney be barred from asking questions of the Plaintiff on cross examination, involving similar or dissimilar injuries from prior or subsequent accident, unless there be a showing by the Defendant, outside the presence of the jury, that there will be a connection between this line of questioning and the Plaintiff's injury by competent medical testimony. *Marut v. Costello*, 53 Ill.App.2d 340, 202 N.E.2d 853 (1st Dist. 1964).

13. The circumstances under which the attorney for the plaintiff was employed and/or that the attorney for plaintiff is employed pursuant to a contingent fee contract. Bowman v. Illinois Central Railway Company, 5 Ill. 2d 135.

14. That the recovery of the plaintiff is not subject to federal income taxes. Hall v. Chicago and Northwestern Railway Company, 5 Ill. 2d 135; Wagner v. Illinois Central Railroad Company, 7 Ill. app. 2d 445; Christou v. Arlington Park, Washington Park Race Tracks, 104 Ill. App. 3d 257, 262, 432 N.E. 2d 920, 60 Ill. Dec. 21 (1982); Siborowski v. Dressler & Assoc., 410 Ill. App. 3d

981, 443 N.E. 2d 618, 66 Ill. Dec. 692, 696 (lst Dist. 1983); Klawonn v. Mitchell, 105 Ill. 2d 450, 475 N.E. 2d 857, 86 Ill. Dec. 478 (1985).

15. That Defendant should not argue in closing argument, that the plaintiff has asked for a greater amount of money than they actually expect be awarded. Kallas v. Lee, 22 Ill. App. 3d 496, 317 N.E. 2d 704 (1974).

16. The defense should not be allowed to present hearsay testimony as to why Manuel Alvarez was not charged with battery or any other charges on September 13, 2003. The only thing that is relevant is that Manuel Alvarez was not charged with anything in connection with this incident.

WHEREFORE, the plaintiff respectfully requests this Court to enter an order directing the defendants, through their respective counsel and their respective counsel, individually, not to mention, refer to or interrogate concerning, or voluntarily answer or attempt to convey before the jury, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above without first informing the Court and obtaining permission of the Court, outside the presence and hearing of the jury; and further, to instruct the defendants through their respective counsel and their respective counsel, individually, not to make any reference or inference to the fact of this motion has been filed, argue or ruled upon by this Court, and further, that each respective

counsel be instructed to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with this rule of this Court.

                              **s/ Jamie L. Bas**
                              Jamie L. Bas Bar Number: 6277169
                              Attorney for Plaintiff
                              George Ripplinger and Associates
                              2215 W. Main Street
                              Belleville, IL 62226-6692
                              (618) 234-2440
                              FAX: (618) 234-6728
                              jamie@ripplingerlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the  28th  of November, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John F. Martin
Meachum & Martin
110 N. Vermilion
Danville, IL 61832

                              **s/ Jamie L. Bas**
                              Jamie L. Bas Bar Number: 6277169
                              Attorney for Plaintiff
                              George Ripplinger and Associates
                              2215 W. Main Street
                              Belleville, IL 62226-6692
                              (618) 234-2440
                              FAX: (618) 234-6728
                              jamie@ripplingerlaw.com