UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MANUEL ALVAREZ, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 04-2162 |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER T. WASSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER CERTIFYING THAT INTERLOCUTORY APPEAL IS FRIVOLOUS

On November 16, 2005, the court entered its order denying defendant Officer T. Wasson's motion for summary judgment on grounds, *inter alia*, that genuine issues of material fact existed on the question of qualified immunity.

On November 21, 2005, the defendants filed a Notice of Appeal from the order of November 16, 2005. The court deems the appeal is frivolous for the following reasons.

In *Spiegla v. Hull*, 371 F.3d 928, 940 (7th Cir. 2004), the court held:

In their motion before the district court, the Defendants argued that they were entitled to summary judgment on the basis of qualified immunity. The defense of qualified immunity "is designed to protect government agents 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003) *(quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

1

In *Leaf v. Shelnutt*, 400 F.3d 1070, 1077-78 (7th Cir. 2005), the court held:

A. Standard of Review
This court reviews de novo a district court's denial of summary judgment on qualified immunity grounds. *See Sullivan v. Ramirez*, 360 F.3d 692, 696 (7th Cir. 2004). Similarly, the question of whether an asserted federal right was clearly established at the time of a claimed violation is a question of law to be reviewed de novo on appeal. *See Elder v. Holloway*, 510 U.S. 510, 516 (1994). Summary judgment is appropriate when, construing all facts and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact for a jury to decide. *See Sullivan*, 360 F.3d at 696 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-55 (1986)).

B. Qualified Immunity
1. Jurisdiction to Hear an Appeal from the Denial of Qualified Immunity

We pause to address the issue of whether we have jurisdiction to hear an appeal from the denial of qualified immunity because it is a point of extreme conflict between the parties. Ordinarily, a district court's denial of summary judgment is not appealable. *See, e.g., Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). However, when a district court has denied summary judgment on qualified immunity grounds, an appellate court has jurisdiction to review the denial of qualified immunity to the extent that the denial turns on a question of law. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). On the other hand, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995).

This court may not reconsider the district court's determination that certain genuine issues of fact exist; such determinations are unappealable because they are not "final decisions" within the meaning of 28 U.S.C. § 1291. *See Johnson*, 515 U.S. at 313. Thus, we may not make conclusions about which facts the parties ultimately might be able to establish at trial. Such conclusions concern the "sufficiency of the evidence" and are not properly before a court of appeals considering the denial of qualified immunity. *See Johnson*, 515 U.S. at 313.

However, when the outcome of a question of law--for instance, whether a particular action violates the Constitution--does not depend on the outcome of a disputed factual question, we may review whether the district court correctly determined the question of law that it considered. *See Mitchell*, 472 U.S. at 528. These are the "more abstract issues of law" to which an appeal of the denial of qualified immunity properly is limited. *Johnson*, 515 U.S. at 317. When conducting such a review, we "simply take, as given, the facts that the district court assumed when it denied summary judgment for that (purely legal) reason."

*Johnson*, 515 U.S. at 319.

The foregoing precedents clearly demonstrate that the order denying summary judgment is an interlocutory order and not subject to immediate review by the Court of Appeals. The case was filed on August 18, 2004 and is set for final pretrial conference on Monday, December 5, 2005 at 1:30 p.m. Jury selection and jury trial are scheduled to begin on December 12, 2005 at 9:00 a.m. Heeding the admonition in *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989), that "Courts are not helpless in the face of manipulation[,]" and pursuant to Circuit Rule 50, the court certifies that the pending appeal is frivolous and requests permission to proceed with the case. The clerk is directed to send a copy of this order to the Seventh Circuit Court of Appeals.

Enter this 30th day of November, 2005.

**s/Harold A. Baker**
_____
Harold A. Baker
United States District Judge