UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MANUEL ALVAREZ, SR.,            )
                                )
    Plaintiff,                  )
                                )
-vs-                            )
                                )
OFFICER T. WASSON, badge        )
number 347,                     )    NO.  04-2162
                                )
    Defendant.                  )

### DEFENDANT'S MOTION IN LIMINE

Now comes the Defendant, OFFICER TROY WASSON, by John F. Martin of Meachum & Martin, and moves the Court to enter an Order in Limine barring the Plaintiff from offering evidence or arguing or commenting before the jury regarding the following matter:

1. That Plaintiff was not charged with a crime.

Defendant believes that Plaintiff intends at trial to offer evidence regarding the fact that the Plaintiff was not charged with a crime after the incident which is the subject matter of this case. Defendant submits that the issue of whether the Plaintiff was charged or prosecuted criminally after the incident is irrelevant to the issue of whether Officer Wasson used reasonable force in effectuating the arrest.

The reasonableness of a particular use of force "must be judged from the perspective of a reasonable officer on the scene." Graham v. Connor, 490 U.S. 386, 396 (1989). The Seventh Circuit has recognized that a police officer's reasonable belief that danger exists may be formed by reliance on appearances.

Davis v. Freels, 583 F.2d 337 (7th Cir. 1978). The Court is to consider what happened from the officer's point of view and assess its reasonableness objectively. Smith v. Ball State University, 295 F.3d 763, 771-72 (7th Cir. 2002).

With these considerations in mind, whether a suspect is charged or prosecuted after an arrest is irrelevant to the reasonableness of the officer's conduct considering the facts at the scene. Decisions to charge a crime and whether to prosecute charges or dismiss them are primarily within the province of the State's Attorney's office.

Plaintiff's Complaint alleging unreasonable force presents the issue as to whether the officer's conduct was reasonable at the time of the arrest. Whether the Plaintiff was charged or prosecuted later is irrelevant to that inquiry.

2. Barring any evidence or comment relevant to the existence or non-existence of liability insurance available for the Defendant in connection with this case. Such evidence is irrelevant and prejudicial. Imparato v. Rooney, 95 Ill.App.3d 11, 419 N.E.2d 620 (1981).

                                s/ John F. Martin
                                Attorney for Defendant
                                Meachum & Martin
                                110 N. Vermilion
                                Danville, IL  61832
                                Telephone:  (217)442-1390
                                Fax:  (217)442-2042
                                E-mail:  jfmartin2@aol.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Jamie Bas.

                                        s/ John F. Martin  
                                        Attorney for Defendants  
                                        Meachum & Martin  
                                        110 N. Vermilion  
                                        Danville, IL  61832  
                                        Telephone:  (217)442-1390  
                                        Fax:  (217)442-2042  
                                        E-mail:  jfmartin2@aol.com