E-FILED
Friday, 02 December, 2005  01:12:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL ALVAREZ, SR., | ) |
| Plaintiff, | ) |
| -vs- | ) |
| OFFICER T.WASSON, badge number 347, | )  NO. 04-2162 |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE**

Now comes the Defendant, OFFICER TROY WASSON, by John F. Martin of Meachum & Martin, and in response to the Plaintiff's Motion in Limine (docket item 31) makes the following responses to each of the numbered items of the motion:

1. No objection.

2. No objection.

3. No objection.

4. No objection.

5. No objection.

6. No objection.

7. Plaintiff requests that no mention be made that anyone other than Defendant kicked Plaintiff in the pelvic area. This incident arose because the Plaintiff was involved in a violent fight in which he sustained personal injuries and evidence will

be introduced regarding Plaintiff's injuries during the fight or during his arrest.

Defendant submits that it is premature to bar such evidence or comment and requests this portion of the motion be denied.

8. No objection.

9. No objection.

10. No objection.

11. No objection.

12. No objection.

13. No objection.

14. No objection.

15. No objection.

16. Defendant objects. Plaintiff argues that the only thing that is relevant is that Plaintiff was not charged with a crime in connection with this incident and that the Defendant should not be allowed to present testimony as to why Plaintiff was not charged.

Defendant submits that the threshold issue of whether Plaintiff was charged or not is irrelevant to the question of whether Officer Wasson's use of force in making the arrest was objectively reasonable under the circumstances that existed at that time. Graham v. Connor, 490 U.S. 386 (1989). Whether the Plaintiff was charged or prosecuted after this incident is

irrelevant to the issue as to whether the officer's conduct was reasonable in effectuating the arrest.

Decisions as to whether to charge a crime and whether to prosecute or dismiss charges are primarily within the province of the State's Attorney's office.

If evidence or argument is admitted on the irrelevant issue that the Plaintiff was not charged with battery or other charges, then this would require the Defendant to introduce equally irrelevant evidence as to the various reasons and considerations as to why someone is not charged in connection with a particular incident.

WHEREFORE, Defendant requests the Court deny the Motion in Limine to those portions of it to which the Defendant objects.

```
                              s/ John F. Martin
                              Attorney for Defendant
                              Meachum & Martin
                              110 N. Vermilion
                              Danville, IL  61832
                              Telephone:  (217)442-1390
                              Fax:  (217)442-2042
                              E-mail:  jfmartin2@aol.com
```

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Jamie Bas.

                                          s/ John F. Martin
                                          Attorney for Defendants
                                          Meachum & Martin
                                          110 N. Vermilion
                                          Danville, IL  61832
                                          Telephone:  (217)442-1390
                                          Fax:  (217)442-2042
                                          E-mail:  jfmartin2@aol.com