UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MANUEL ALVAREZ, SR.,            )
                                )
     Plaintiff,                 )
                                )
-vs-                            )
                                )
OFFICER T. WASSON, badge        )
number 347,                     )    NO.  04-2162
                                )
     Defendant.                 )

FILED
DEC 13 2005
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**MOTION FOR DIRECTED VERDICT**
**AT THE CLOSE OF THE PLAINTIFF'S CASE**
**(MOTION FOR JUDGMENT AS A MATTER OF LAW)**

Now comes the Defendant by John F. Martin of Meachum & Martin and pursuant to Federal Rule of Civil Procedure 50, moves at the close of the Plaintiff's case for the Court to enter a directed verdict and judgment for the Defendant on the Complaint.

In support of this motion the Defendant submits that the evidence establishes:

1. Defendant had probable cause to arrest the Plaintiff. A reasonable officer would have believed that the Plaintiff had committed a crime. Mahoney v. Kessery, 976 F.2d 1054 (7th Cir. 1992).

2. Defendant did not act with malice in making the arrest. Simmons v. Pryor, 9 F.3d 555 (7th Cir. 1993).

3. The evidence showed that Plaintiff resisted arrest. 720 ILCS 5/31-1.

4. The force used by Defendant to effectuate the arrest of Plaintiff was reasonable under the circumstance. <u>Lanigan v. Village of East Hazel Crest</u>, 110 F.3d 467 (7th Cir. 1997); <u>Tangwall v. Stuckey</u>, 135 F.3d 510 (7th Cir. 1998).

5. The evidence does not show that the force was so plainly excessive that an officer would have been on notice that he was violating Plaintiff's constitutional rights. <u>Dorsey v. St. Joseph County</u>, 98 F.3d 1527 (7th Cir. 1996).

6. The evidence shows the Defendant is entitled to immunity from suit (qualified immunity) since he <u>could</u> have believed his conduct was lawful. <u>Tangwall v. Stuckey</u>, 135 F.3d 510 (7th Cir. 1998). Qualified immunity gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. <u>Hunter v. Bryant</u>, 502 U.S. 224 (1991). Qualified immunity is normally a question of law for the Court. <u>Alvardo v. Picur</u>, 859 F.2d 448 (7th Cir. 1988); <u>Eversole v. Steele</u>, 59 F.3d 710 (7th Cir. 1995).

7. Under the decisions of the Seventh Circuit qualified immunity applies:

> "The police must be held to standards of reasonableness not perfection. A society that expects police officers to provide protection must afford them in turn some protection from lawsuits. If immunity is

> lost in every case of mistaken arrest, then many perpetrators of violent crime will go unapprehended."

Tangwell v. Stuckey, 135 F.2d 510, 521 (7th Cir. 1998).

> "...defendants do not need to prove they were "right" in order to enjoy the defense."

Erwin v. Daley, 92 F.3d 521, 525 (7th Cir. 1996).

Discussing Malley v. Briggs, 475 U.S. 335 (1986) the Seventh Circuit commented:

> "Malley...created room for an immunity defense even in cases where there was no probable cause for the arrest by holding that "if officers of reasonable competence could disagree" on whether there was probable cause, the defendant would be immune from damages liability. In other words, only if no reasonable officer could have mistakenly believed that he had probable cause to arrest is the immunity forfeited."

Maltby v. Winston, 36 F.3d 548, 555 (7th Cir. 1994).

8. The elements necessary for recovery of punitive damages has not been shown (malice, recklessness, or gross disregard for constitutional rights). Smith v. Wade, 461 U.S. 30 (1982).

9. The elements of a civil rights claim for unreasonable use of force have not been proven.

10. The elements of a claim for battery have not been proven.

WHEREFORE, Defendant requests the Court enter judgment in favor of Defendant and against the Plaintiff.

OFFICER T. WASSON, Defendant

BY: _____
JOHN F. MARTIN of
MEACHUM & MARTIN