**E-FILED**
Wednesday, 14 December, 2005 12:05:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MANUEL ALVAREZ, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 04-2162 |
| | ) | |
| v. | ) | |
| | ) | |
| TROY WASSON, | ) | |
| | ) | |
| Defendant. | ) | |

#### JURY INSTRUCTIONS

The law applicable to this case is contained in these instructions, and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to apply the law to the facts and in this way decide the case. Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings.

The evidence consists of the sworn testimony of the witnesses and the exhibits received in evidence and stipulated facts.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences as you believe to be justified from proved facts. Whenever evidence was received for a limited purpose it should be considered by you for that purpose and for no other purpose.

You are to disregard any evidence regarding which I have sustained an objection or which I ordered stricken. Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded. You should not be influenced by sympathy, prejudice, fear, or public opinion. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law but are not evidence. If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark.

Neither by these instructions nor by any ruling or remark which I have made do I or have I meant to indicate any opinion as to the facts.

Under federal law, the plaintiff, Manuel Alvarez, Sr.,
claims that the defendant, Danville Police Officer, Troy Wasson,
violated his rights under the Fourth Amendment to the United
States Constitution.

The Fourth Amendment to the United States Constitution
provides in applicable part, "The right of the people to be
secure in their persons . . . against unreasonable . . .
seizures, shall not be violated."

Specifically, Alvarez says that the police seized him in
violation of the provisions of the Fourth Amendment by using
excessive force, and inflicting serious physical injuries on him.

Alvarez claims damages and that the conduct of the defendant
was a proximate cause of his damages.

Wasson agrees that he and fellow police officers seized
Alvarez. Wasson denies that he used excessive force against
Alvarez in effecting his seizure, and says that he used the force
that was reasonably necessary under the circumstances to effect
the seizure and to take Alvarez into custody.

The defendant denies that the plaintiff has suffered damages
to the extent claimed and denies that any conduct on his part was
a proximate cause of the claimed damages.

3

To secure a citizen's constitutional rights and their enforcement, the Congress has enacted the Civil Rights Statutes. They provide that when a person acting under color of State law violates the Constitutional rights of a citizen, that citizen may bring an action for money damages against that State officer.    It is uncontested in this case that the defendant at the times of the occurrences in question was acting under color of State law by virtue of being a police officer.

The Fourth Amendment provisions I just read to you as they apply in this case mean that police officers in making an arrest may not use excessive force.

In making an arrest, however,  police officers may use that force which is reasonably necessary to make the suspect obey a proper order,  or restrain him and take him into custody.    The force used must constitute an objectively reasonable effort to gain control of the suspect and prevent him from becoming violent and doing harm to others.    In deciding whether the force used in this case could plausibly have been thought necessary, you should consider the need for the force, the relationship between the need and the nature of the force that was used, and the extent of any injury that may have been inflicted. This is an objective test as to what was reasonably necessary under the totality of the circumstances.    It is not a subjective test.    By that I mean the officer's actions must be objectively reasonable in light of the facts and circumstances confronting him without regard to his intent or underlying motivation. The officer must act as a reasonably informed and prudent police officer would have acted under the totality of the circumstances known to the police officer. How that reasonably informed and prudent police officer would have acted is for you to decide.

4

Part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

1.  Ask yourself if the witness was able to see or hear the events clearly.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2.  Ask yourself how good the witness' memory seemed to be. Did the witness seem able to remember accurately what happened?

3.  Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or to remember the events.

4.  Ask yourself how the witness acted while testifying. Did the witness appear honest?  Or did the witness appear to be lying?

5.  Ask yourself if the witness had any relationship to the plaintiff or to a defendant, or anything to gain or lose from the case, that might influence the witness' testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6.  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

5

7. And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

6

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.

There are two types of evidence: direct and circumstantial. Direct evidence is the testimony of a person who claims to have personal knowledge of the occurrences which are the subject of the case, such as an eye witness. Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show the existence of other relevant facts sought to be proved. The law makes no distinction between the weight to be given either direct or circumstantial evidence. Therefore, all of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

        This case should be considered and decided by you as an
action between persons of equal standing in the community, of
equal worth, and holding the same or similar stations in life.
All persons stand equal before the law and are to be dealt with
as equals in a court of justice.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

Certain evidence was presented to you by way of depositions, both by video transcription and by reading written transcripts. You should give this testimony the same consideration you would give it had the witness personally appeared in court.

You heard evidence that the witness _____ was convicted of a crime. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness, but for no other purpose.

When I use the expression "proximate cause," I mean any cause which triggers a natural chain of events that ultimately produces the damages or injury for which the plaintiff seeks to recover in his case.

14

When I say that a party has the "burden of proof" on any propositions, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the propositions on which that party has the burden of proof are more probably true than not true.

The plaintiff has the burden of proving each of the
following propositions to recover on his claim of excessive use
of force under the Fourth Amendment against the defendant.

First, that on the date of the occurrence in question, the
defendant used force on the plaintiff in effecting his arrest;
and

Second, that the force used on the plaintiff violated the
requirements of the Fourth Amendment as I have defined those
requirements for you; and

Third, that the plaintiff suffered damages; and

Fourth, that the force used was a proximate cause of the
plaintiff's damages.

If you find from your consideration of all the evidence that
the plaintiff has proved each of these propositions, then your
verdict should be for the plaintiff and against the defendant.

On the other hand, if you find from your consideration of
all the evidence that the plaintiff has failed to prove any one
of these propositions against the defendant, then your verdict
should be for the defendant and against the plaintiff.

16

If you decide the plaintiff is entitled to damages, you must fix the amount of money which will reasonably and fairly compensate the plaintiff for any of the following elements of damage proved by the evidence to have resulted from the conduct of the defendant, taking into consideration the nature, extent, and duration of the injury:

First, any disability resulting from the injury and reasonably certain to be experienced in the future.

Second, the pain and suffering experienced as a result of the injuries and reasonably certain to be experienced in the future as a result of the injuries.

Third, the reasonable expense of necessary medical care and treatment received.

Fourth, the reasonable value of time and earnings lost.

Fifth, the emotional distress experienced.

Whether any of these elements has been proved by the evidence is for you to determine.

If you decide for the defendant on the question of liability, you will have no occasion to consider the question of damages.

When you retire to the jury room, you will first select one of your members as your presiding juror.  He or she will preside during your deliberations on a verdict.

Your agreement upon a verdict must be unanimous.  Your verdict must be in writing and signed by each of you, including the presiding juror.

You will be provided with forms of verdict.  When you have unanimously agreed upon your verdict, select and complete the form which correctly reflects your verdict.

The forms of verdict which you will receive read as follows:

If you find in favor of the plaintiff and against the defendant, you shall say:

We, the jury, find in favor of the plaintiff and against the defendant.

We fix the plaintiff's compensatory damages as

$_____.

We further fix the plaintiff's punitive damages as

$_____.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

Presiding Juror

21

If you find in favor of the defendant and against the
plaintiff, you shall say:

We, the jury, find in favor of the defendant and against the
plaintiff.

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

Presiding Juror

22