Dft's Refused 12/13/05

There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

> No person may knowingly resist or obstruct the performance by one known to the person to be a peace officer of any authorized act within the officer's official capacity.

You may consider this statute together will all the other facts and circumstances in evidence in determining whether and to what extent a party's conduct was proper.

I.P.I. Civil 60.01 (Mod.)
720 ILCS Sec. 5/31-1

Defendant's Inst. No. __1__

Refused 12/13/05

There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

> A person commits battery if he intentionally or knowingly without legal justification and by any means causes bodily harm to an individual or makes physical contact of an insulting or provoking nature with an individual.
>
> In committing a battery, a person commits aggravated battery if he or she uses a deadly weapon other than by the discharge of a firearm.

You may consider this statute together will all the other facts and circumstances in evidence in determining whether and to what extent a party's conduct was proper.

IPI Civil 60.01 (Mod.)
720 ILCS Sec. 5/12-3
720 ILCS Sec. 5/12-4

Defendant's Inst. No. **2**

Refused
12/13/05

There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

> A person commits disorderly conduct when he knowingly does any act in such an unreasonable manner as to alarm or disturb another or to provoke a breach of the peace.

You may consider this statute together will all the other facts and circumstances in evidence in determining whether and to what extent a party's conduct was proper.

I.P.I. Civil 60.01 (Mod.)
720 ILCS Sec. 5/26-1

Defendant's Inst. No.  3