E-FILED
Friday, 23 December, 2005  12:07:56 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL ALVAREZ, SR., | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 04-2162 |
| OFFICER TROY WASSON, badge number 347, | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR A NEW TRIAL

NOW COMES the plaintiff, Manuel Alvarez, by his attorneys, George Ripplinger and Associates, and moves this Honorable Court for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure and in support states:

1.   This case was tried on December 12, 2005 and December 13, 2005.

2.   When the Court read the jury instructions to the jury it failed to include the jury instruction regarding prior inconsistent statements. *See Jury Instructions attached as Exhibit "A"*.

3.   Plaintiff's counsel brought this to the Court's attention, and was first told that the Court refused the instruction and then was told outside of the presence of the jury that it had been read. *See Transcript, p. 11 and 17, attached as Exhibit "B"*.

1

4. After reviewing the transcript it is clear that the jury instruction regarding prior inconsistent statements was not given. This instruction should have been given because Plaintiff's attorney, Jamie L. Bas, impeached the Defendant and other defense witnesses while they was testifying regarding how many alleged steps the Plaintiff took toward the Defendant before he kicked him as well as the other witnesses regarding proper police conduct and the use of thrust kicks.

5. The Court also committed reversible error when it interjected personal opinions on the merits of the case in front of the jury during jury instructions. Following Court's reading of the burden of proof jury instruction on page #14 the Court interjected something to the effect that plaintiff proved that "It seems clear that Defendant kicked Plaintiff and injured him but it proving that the conduct violated Plaintiff's constitutional rights may be more difficult". *See Affidavit attached as Exhibit "C"*.

6. Plaintiff's counsel cannot directly quote the Court because the comments are inexplicably missing from the transcript. *See Exhibit "C"*.

7. It was improper for the Court to interject a personal opinion on the merits of the case in front of the jury during jury instructions. "A trial court commits reversible error when it expresses its opinion on an ultimate issue of fact

in front of the jury or it argues for one of the parties." *Shad v. Dean Whitter Reynolds, Inc.*, 799 F.2d 525, 531 (9th Cir. 1986), *See also Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1289 (9th Cir. 1984). The Seventh Circuit in *United States v. Meltzer*, 100 F.2d 739, 743 (7th Cir. 1938) cited the Supreme Court's decision in *Quercia v. United States*, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933), which stated that the judge's ability to comment on the facts "has its inherent limitations."  "This Court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence 'should be so given as not to mislead, and especially that it should not be one-sided'; that 'deductions and theories not warranted by the evidence should be studiously avoided'." *United States v. Meltzer*, 100 F.2d 739, 743 (7th Cir. 1938) quoting *Quercia*, 299 U.S. 466 at 470. Additionally, "where a court has expressed its opinion on a pivotal issue in the case, and has expressed that opinion in a strong, unequivocal and one-sided fashion, abstract instructions regarding the jury's role as fact finder are not a sufficient remedy." *United States v. Anton*, 597 F.2d 371, 375 (3rd Cir. 1979). Here, the Court committed reversible error when it interjected a personal opinion about whether the plaintiff has sufficiently proved whether the defendant violated the plaintiff's Fourth Amendment rights which was the pivotal issue in the case.

8.     Therefore, Plaintiff is entitled to a new trial because the Court failed to read a pertinent jury instruction and interjected a personal opinion regarding whether plaintiff had proved his case during the jury instructions.

WHEREFORE, Plaintiff, Manuel Alvarez, Sr., through his attorneys, George Ripplinger & Associates, moves this Court for a new trial.

**s/ George R. Ripplinger**

George R. Ripplinger Number: 02343797
Attorney for Plaintiff
George Ripplinger and Associates
2215 W. Main Street
Belleville, IL 62226-6692
(618) 234-2440
FAX:  (618) 234-6728
george@ripplingerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the  23rd  of December, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John F. Martin
Meachum & Martin
110 N. Vermilion
Danville, IL 61832

**s/ George R. Ripplinger**

George R. Ripplinger Number: 02343797
Attorney for Plaintiff
George Ripplinger and Associates
2215 W. Main Street
Belleville, IL 62226-6692
(618) 234-2440
FAX:  (618) 234-6728
george@ripplingerlaw.com

5

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )   SS. |
| COUNTY OF ST. CLAIR | ) |

## **VERIFICATION**

Comes now George R. Ripplinger, after first being duly sworn upon his oath deposes and states that he has read the foregoing Motion for a New Trial and the statements contained therein are true and correct.

/s/ George R. Ripplinger
George R. Ripplinger

Subscribed and sworn to before me a Notary Public on this 23rd day of December, 2005.

/s/ Amanda Isom
NOTARY PUBLIC

**GEORGE RIPPLINGER AND ASSOCIATES**
Attorneys at Law
2215 West Main Street
Belleville, IL  62226
(618) 234-2440
FAX:  618-234-6728
george@ripplingerlaw.com

6