E-FILED
Friday, 23 December, 2005  12:09:34 PM
Clerk, U.S. District Court, ILCD

```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF ILLINOIS
                         URBANA DIVISION


MANUEL ALVAREZ,                )
                               )   Docket No. 04-2162
          Plaintiff,           )
                               )
     vs.                       )   Urbana, Illinois
                               )   DECEMBER 13TH, 2005
TROY WASSON,                   )   9:00 a.m.
                               )
          Defendant.           )


              TRANSCRIPT OF PROCEEDINGS
              JURY TRIAL (CONT)
              CHARGE TO THE JURY ONLY
              BEFORE THE HONORABLE HAROLD A. BAKER
              UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S :


For the Plaintiff:     MS. JAMIE L. BAS
                       MR. GEORGE R. RIPPLINGER
                       GEORGE RIPPLINGER & ASSOCIATES
                       2215 W. Main Street
                       Belleville, IL   62226



For the Defendant:     MR. JOHN MARTIN
                       MEACHUM & MARTIN
                       110 N. Vermilion
                       Danville, IL   61832


Court Reporter:        TONI M. JUDD, CSR
                       United States Court Reporter
                       201 South Vine Street
                       Urbana, Illinois   61802
                       (217) 373-5835


Proceedings recorded by mechanical stenography; transcript
produced by court reporter.
```



PLAINTIFF'S EXHIBIT B

```
1          THE COURT: Miss Kesler, will you take those
2   instructions and pass them out to the jury. What did we
3   do with the stipulated -- you have got those too, Susan.
4   Stipulated facts. We are going to give you these
5   instructions and you can read them and follow them while I
6   am reading them to you.
7          I have also supplied to you, as I promised,
8   a copy of the agreed or uncontested facts.
9          All right. Are we all together? The law
10  applicable to this case is contained in these instructions
11  and it is your duty to follow them. You must consider
12  these instructions as a whole, not picking one instruction
13  and disregarding others.
14         You must not question any rule of law stated
15  by me in these instructions. Regardless of any opinion
16  you may have as to what the law ought to be, you must base
17  your verdict upon the law given by me.
18         It is your duty to determine the facts and
19  to determine them from the evidence produced in open
20  court. You are to apply the law to the facts and in this
21  way decide the case.
22         Your verdict must be based on evidence and
23  not upon speculation, guess, or conjecture.
24         The production of evidence in open court is
25  governed by rules of law. From time to time it has been
```

```
 1  my duty as judge to rule on the admissibility of evidence.
 2  You must not concern yourselves with the reasons for these
 3  rulings.
 4              The evidence consists of the sworn testimony
 5  of the witnesses and the exhibits received in evidence and
 6  stipulated facts.  Those agreed facts that I gave you are
 7  stipulated facts.
 8              You are to consider only the evidence
 9  received in this case.  You should consider this evidence
10  in the light of your own observation and experiences in
11  life.  You may draw such reasonable inferences as you
12  believe to be justified from proved facts.
13              Whenever evidence was received for a limited
14  purpose it should be considered by you for that purpose
15  and for no other purpose.
16              You are to disregard any evidence regarding
17  which I have sustained an objection or which I ordered
18  stricken.  Anything you may have seen or heard about the
19  case outside the courtroom is not evidence and must be
20  entirely disregarded.  You should not be influenced by
21  sympathy, prejudice, fear, or public opinion.  You are
22  impartial judges of the facts.
23              Arguments, statements, and remarks of
24  counsel are intended to help you in understanding the
25  evidence and applying the law but are not evidence.
```

1  If any argument, statement, or remark has no
2  basis in the evidence, then you should disregard that
3  argument, statement, or remark.
4  Neither by these instructions nor by any
5  ruling or remark which I have made, do I or have I meant
6  to indicate any opinion as to the facts.
7  Under federal law, the plaintiff, Manuel
8  Alvarez, Sr., claims that the defendant, Danville Police
9  Officer Troy Wasson, violated his rights under the Fourth
10 Amendment to the United States Constitution.
11 The Fourth Amendment to the United States
12 Constitution provides in applicable part quote:  "The
13 right of the people to be secure in their persons against
14 unreasonable seizures shall not be violated."
15 Specifically, Alvarez says that the police
16 seized him in violation of the provisions of the Fourth
17 Amendment by using excessive force, and inflicting serious
18 physical injuries on him.
19 Alvarez claims damages and that the conduct
20 of the defendant was a proximate cause of his damages.
21 Wasson agrees that he and fellow police
22 officers seized Alvarez.  Wasson denies that he used
23 excessive force against Alvarez in effecting his seizure.
24 And he says that he used the force that was reasonably
25 necessary under the circumstances to effect the seizure of

```
 1   Alvarez and to take Alvarez into custody.
 2             The defendant denies that the plaintiff has
 3   suffered damages to the extent claimed and denies that any
 4   conduct on his part was a proximate cause of the claimed
 5   damages.
 6             To secure a citizen's constitutional rights
 7   and their enforcement, the Congress has enacted the Civil
 8   Rights Statutes.  They provide that when a person acting
 9   under color of state law violates the constitutional
10   rights of a citizen, that citizen may bring an action for
11   money damage against that state officer.
12             It is uncontested in this case that the
13   defendant at the time of the occurrences in question was
14   acting under color of state law by virtue of being a
15   police officer.
16             The Fourth Amendment provisions I just read
17   to you as they apply in this case mean that police
18   officers in making a seizure may not use excessive force.
19             In making a seizure, however, police
20   officers may use that force which is reasonably necessary
21   to make the suspect obey a proper order or restrain him
22   and take him into custody.
23             The force used must constitute an
24   objectively reasonable effort to gain control of the
25   suspect and prevent him from becoming violent and doing
```

1  harm to others.
2            In deciding whether the force used in this
3  case could plausibly been thought necessary, you should
4  consider the need for the force, the relationship between
5  the need, and the nature of the force that was used, and
6  the extent of any injury that may have been inflicted.
7  This is an objective test as to what was reasonably
8  necessary under the totality of the circumstances.  It is
9  not a subjective test.
10           By that I mean the officer's actions must be
11 objectively reasonable in light of the facts and
12 circumstances confronting him without regard to his intent
13 or underlying motivation.  The officer must act as a
14 reasonably informed and prudent police officer would have
15 acted under the totality of the circumstances known to the
16 police officer.
17           How that reasonably informed and prudent
18 police officer would have acted is for you to decide.
19           Part of your job as jurors is to decide how
20 credible or believable each witness was.  This is your job
21 not mine.  It is up to you to decide if a witness'
22 testimony was believable and how much weight you think it
23 deserves.  You are free to believe everything that a
24 witness said, or only part of it, or none of it at all.
25 But you should act reasonably and carefully in making

these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

1. Ask yourself if the witness was able to see or hear the events clearly. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

2. Ask yourself how good the witness' memory seemed to be. Did the witness seem able to remember accurately what happened?

3. Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or to remember the events.

4. Ask yourself how the witness reacted while testifying. Did the witness appear honest or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the plaintiff or to a defendant or anything to gain or lose in the case that might influence the witness' testimony.

Ask yourself if the witness had any bias or prejudice or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified

inconsistently while on the witness stand or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable. Sometimes it may other times it may not. Consider whether the inconsistency was about something important or about some unimportant detail.

Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable?

If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other

```
 1   people and then decide what testimony you believe and how
 2   much weight you think it deserves.
 3              There are two types of evidence:  direct and
 4   circumstantial.  Direct evidence is the testimony of a
 5   person who claims to have personal knowledge of the
 6   occurrences which are the subject of the case, such as an
 7   eyewitness.
 8              Circumstantial evidence is the proof of a
 9   chain of facts and circumstances which tend to show the
10   existence of other relevant facts sought to be proved.
11   The law makes no distinction between the weight to be
12   given either direct or circumstantial evidence.
13   Therefore, all of the evidence in the case, including the
14   circumstantial evidence should be considered by you in
15   arriving at your verdict.
16              The credibility of a witness may be attacked
17   by introducing evidence that on some former occasion the
18   witness made a statement or acted in a manner inconsistent
19   with a witness in the case on a matter material to the
20   issues.  Evidence of this kind may be considered by you in
21   connection with all the other facts and circumstances in
22   evidence in deciding the weight to be given to the
23   testimony of that witness.
24              JUROR:  You skipped one.
25              THE COURT:  Am I skipping?  That's the
```

trouble with reading off the computer. All right. If I skipped something, I am including it. I don't mean to omit it. I will go back. Hang on.

The weight of the evidence presented by each side does not necessarily depend upon the number of witnesses testifying on one side or the other. That's page 7.

You must consider all of the evidence in the case and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of the issue.

This case should be considered and decided by you, and I am now so you will catch up on page 9, it should be considered and decided by you as an action between persons of equal standing in the community, of equal worth and holding the same or similar stations in life.

All persons stand equal before the law and are to be dealt with as equals in a court of justice.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

The credibility of a witness -- I have read

```
 1   that one. Thank you. I am now up to page 12. When I use
 2   the expression "a proximate cause," I mean any cause which
 3   triggers --
 4              MR. RIPPLINGER: You have skipped 11.
 5              THE COURT: I refused your expanded version
 6   because no argument was made which would necessitate it.
 7              MR. RIPPLINGER: All right.
 8              THE COURT: When I used the expression "a
 9   proximate cause" -- we will make a record afterwards.
10   When I use the expression "a proximate cause," I mean any
11   cause which triggers a natural chain of events that
12   ultimately produces the damages or injuries for which the
13   plaintiff seeks to recover in their case.
14              When I say that a party has the "burden of
15   proof" on any proposition, or use the expression "if you
16   find" or "if you decide," I mean you must be persuaded
17   concerning all of the evidence in the case that the
18   propositions on which that party has the burden of proof
19   are more probably true than not true.
20              The plaintiff has the burden of proving each
21   of the following propositions to recover on his claim of
22   excessive use of force under the Fourth Amendment against
23   the defendant.
24              First, that on the date of the occurrence in
25   question the defendant used force on the plaintiff in
```

that one. Thank you. I am now up to page 12. When I use the expression "a proximate cause," I mean any cause which triggers --

        MR. RIPPLINGER: You have skipped 11.

        THE COURT: I refused your expanded version because no argument was made which would necessitate it.

        MR. RIPPLINGER: All right.

        THE COURT: When I used the expression "a proximate cause" -- we will make a record afterwards. When I use the expression "a proximate cause," I mean any cause which triggers a natural chain of events that ultimately produces the damages or injuries for which the plaintiff seeks to recover in their case.

        When I say that a party has the "burden of proof" on any proposition, or use the expression "if you find" or "if you decide," I mean you must be persuaded concerning all of the evidence in the case that the propositions on which that party has the burden of proof are more probably true than not true.

        The plaintiff has the burden of proving each of the following propositions to recover on his claim of excessive use of force under the Fourth Amendment against the defendant.

        First, that on the date of the occurrence in question the defendant used force on the plaintiff in

effecting his seizure;

And second, that the force used on the plaintiff violated the requirements of the Fourth Amendment as I have defined those requirements for you; and

Third, that the plaintiff suffered damages; and

Fourth, that the force used was a proximate cause of the plaintiff's damages.

If you find from your consideration of all the evidence that the plaintiff has proved each of these propositions, then your verdict should be for the plaintiff and against the defendant.

On the other hand, if you find from your consideration of all the evidence that the plaintiff has failed to prove any one of these propositions against the defendant, then your verdict should be for the defendant and against the plaintiff.

If you decide the plaintiff is entitled to damages, you must fix the amount of money which will reasonably and fairly compensate the plaintiff for any of the following elements of damage proved by the evidence to have resulted from the conduct of the defendant taking into consideration the nature, extent, and duration of the injury.

1   First, any disability resulting from the
2   injury; and
3   Second, the pain and suffering experienced
4   as a result of the injuries; and
5   Third, the reasonable expenses of necessary
6   medical care and treatment received; and
7   Fourth, the loss of a normal life.
8   Whether any of these elements have been
9   proved by the evidence is for you to determine.
10   When I use the expression "loss of a normal
11   life," I mean the temporary or permanent diminished
12   ability to enjoy life.  This includes a person's inability
13   to pursue the pleasurable aspects of life.
14   If you decide for the defendant on the
15   question of liability, you will have no occasion to
16   consider the question of damages.
17   If you find in favor of the plaintiff, you
18   may, but are not required, to assess punitive damages
19   against the defendant.  The purposes of punitive damages
20   are (1) to punish a defendant for his or her conduct; and
21   (2) to serve as an example or warning to the defendant and
22   others not to engage in similar conduct in the future.
23   The plaintiff has the burden of proving to
24   you that punitive damages should be assessed against the
25   defendant.  You may assess punitive damages against the

defendant only if you find that his and her conduct -- I copied this -- it has got to be his in this case. This is the problem with using the computer and transporting the document into the other.

That his conduct was malicious or in reckless disregard of the plaintiff's rights.

The conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of causing harm to the plaintiff. The conduct is in reckless disregard of the plaintiffs right's if, under the circumstances, it reflects complete indifference to the plaintiff's rights.

If you find that punitive damages are appropriate, then you may use sound reason in assessing those damages. Punitive damages, if you decide to award them, should be in an amount sufficient to fill the purposes that I have described to you. They must not reflect bias, prejudice, or sympathy toward any party.

In determining punitive damages, if you decide to award them, you should consider the following factors:

The reprehensibility of the defendant's conduct; the impact of the defendant's conduct on the plaintiff; the relationship between the plaintiff and the defendant; the likelihood that the defendant would repeat

the conduct if an award of punitive damages is not made; the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

When you retire to the jury room, you will first select one of your members as your presiding juror. He or she will preside during your deliberations on the verdict. Your agreement upon a verdict must be unanimous. Your verdict must in in writing and signed by each of you, including the presiding juror.

You will be provided with forms of verdict. When you have unanimously agreed upon your verdict, select and complete the form which correctly reflects your verdict.

The forms of verdict that you will receive read as follows:

If you find in favor of the plaintiff and against the defendant, you shall say: We, the jury, find in favor of the plaintiff and against the defendant. We fix the plaintiff's compensatory damages as dollar sign blank itemized as follows:

Reasonable expense of necessary medical care, treatment -- there is a misspelling. You can stick "or" in that. I just did it in my computer. And services rendered, dollar sign blank.

For the loss of a normal life experience,

```
 1   dollar sign blank.
 2              For the pain and suffering experienced as a
 3   result of the injury, dollar sign blank.
 4              We further fix the plaintiff's punitive
 5   damages, if you decide to award them, as dollar sign
 6   blank.  And then there are lines to sign and one for the
 7   presiding juror.
 8              If you find in favor of the defendant, the
 9   next form, the second form, and against the plaintiff, you
10   shall say:  We, the jury, find in favor of the defendant
11   and against the plaintiff, and then there are lines to
12   sign.
13              I do not expect it will be necessary for you
14   to communicate with me during your deliberations.
15   However, if it does become necessary, the correct way is
16   to communicate with me in writing.  Write out your
17   question, have the presiding juror sign it.  Or if the
18   presiding juror won't sign it, any juror may sign the
19   question.  Give it to the court security person who will
20   always be outside your door guarding you and they'll bring
21   it to me and I will answer you in writing.
22              Okay.  Swear Mr. Kaelin in to take charge of
23   the jury.
24              (Court security officer sworn.)
25              THE COURT:  All right.  Go ahead.  Take your
```

```
 1   instructions and the agreed facts with you.  Go out and
 2   pick a presiding juror and I will send the exhibits into
 3   you in just a moment.
 4                 (The jury leaves the courtroom at 2:50 p.m.)
 5                 THE COURT:  All right.  Out of the presence
 6   and hearing of the jury, are there any further objections
 7   to the court's charge other than those raised in the
 8   conference on jury instructions.
 9                 MR. RIPPLINGER:  Judge, and it may be my
10   eyes, but I really thought you forgot to read the one on
11   page 11.
12                 THE COURT:  I am sorry.  I couldn't hear
13   you.  Your voice drifted off halfway through.
14                 MR. RIPPLINGER:  I thought I missed you
15   reading the instruction on page 11 on the credibility of
16   witnesses and it may have been my --
17                 THE COURT:  I read that long job about
18   you're the judges of the credibility of the witnesses,
19   your job not mine.  I can almost recite it from memory.
20                 MR. RIPPLINGER:  This is the one on
21   inconsistencies in the testimony.
22                 THE COURT:  I read that, too.  I did.  Did I
23   not?
24                 (Court reporter nods head.)
25                 THE COURT:  There is the final order.  I
```

```
 1    have asked her on occasion did I say that, believing I
 2    hadn't, and she said yes; and if she says I said it, I
 3    said it.
 4              MR. RIPPLINGER:  If she has it in the
 5    record, I am happy.
 6              THE COURT:  Any objections by the defendant?
 7              MR. MARTIN:  No, Your Honor.  Thank you.
 8
 9
10
11              COURT REPORTER'S CERTIFICATE
12
13         I, TONI M. JUDD, United States Court Reporter,
14    hereby certify that the foregoing is a true and
15    accurate transcript from the Record of Proceedings in
16    the above-entitled matter.
17         Dated this 16th day of December, 2005.
18
19
20    _____
21              Toni M. Judd, U.S. Court Reporter
22
23
24
25
```