UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MANUEL ALVAREZ, SR.,            )
                                )
        Plaintiff,               )       04-2162
                                )
v.                              )
                                )
OFFICER TROY WASSON,            )
                                )
        Defendant.               )

ORDER ON MOTION FOR NEW TRIAL

      After a two-day trial in December 2005, the jury returned a verdict against the plaintiff, Manuel Alvarez, Sr., and in favor of the defendant, Officer Troy Wasson, on Alvarez's claim of excessive force pursuant to 42 U.S.C. § 1983. The court ruled as a matter of law that Alvarez did not prevail on his battery claim against Wasson.

      At the request of plaintiff's counsel, George Ripplinger, Esq., the court reporter prepared a transcript of the charge to the jury. Several days later, Mr. Ripplinger complained to the court reporter that she had not included a comment that the judge had made to the jury. The court reporter denied omitting any portion of the court proceeding, and Mr. Ripplinger requested a telephone conference with the court. The deputy clerk contacted the defendant's counsel, John Martin, Esq., and a telephone conference was held. Mr. Ripplinger stated on the record that he heard the court interject personal opinions about whether the plaintiff had proved his case, but he could not find the court's comment in the transcript – implying that the court reporter had wrongfully edited the comment from the transcript. (The court reporter was outraged by such an accusation.) The court emphatically denied having made any such statement to the jury. Mr. Martin stated he heard no such comment. The court directed Mr. Ripplinger to file whatever motions he deemed appropriate and terminated the conference. Mr. Ripplinger has filed the subject motion for a new trial [#60].

      In his motion for a new trial, Mr. Ripplinger states that his client is entitled to a new trial because (1) the jury instruction about prior inconsistent statements was not read to the jury; and (2) the court expressed a personal opinion doubting that the plaintiff had proved his case. Mr. Ripplinger alleges that the court stated something to the effect that, "It seems clear that Defendant kicked Plaintiff and injured him but proving that the conduct violated Plaintiff's constitutional rights may be more difficult." Mot. New Tr. p. 2.

      A copy of the final jury instructions is filed as docket entry #45. The jury instruction on prior inconsistent statements appears at page 11. While it is true that the court inadvertently skipped a page or two during its charge to the jury (the judge was reading from his computer on

the bench), the jury had a full set of printed instructions in its hands and was reading along. It was obvious to them that a page or two had been skipped. (Many of them looked up with puzzled expressions.)  When the court's attention was called to the fact that it had skipped some pages, the court went back and read the instructions believed to have been missed.  The court further instructed the jury, "If I skipped something, I am including it.  I don't mean to omit it.  I will go back."  Moments later, Mr. Ripplinger told the court that it had skipped page 11, the instruction on prior inconsistent statements. Tr. p.11.  The court replied, "I refused your expanded version because no argument was made that would necessitate it."  Tr. p. 11.  In fact, the court did read the instruction on prior inconsistent statements, as reflected on page 9 of the transcript.

The second argument, that the court opined to the jury that the plaintiff had not proven his case, warrants special note.  Mr. Ripplinger alleges he heard such a comment.  Mr. Martin said he heard no such thing. Mr. Martin further states he was told by Mr. Ripplinger that the plaintiff's co-counsel, Jamie Bas, Esq., did not hear the alleged comment.  Mr. Ripplinger filed a reply, stating that he told Mr. Martin that Ms. Bas recalled hearing the court make a comment to the jury, but did not recall what was said.  The accusation is preposterous and contemptuous.  Anyone in the courtroom who heard the court make a comment to the jury that so undermined the plaintiff's case would recall such an untoward event.  Yet Mr. Ripplinger is the only one who makes that accusation.  What is more preposterous is why plaintiff's counsel failed to raise an immediate objection.  Instead, they sat through the remainder of the charge to the jury, the collection of exhibits to be sent to the jury room, and the entirety of jury deliberations.  After the jury was sent to deliberate, in conformity with the Rules of Civil Procedure, the court allowed counsel the additional opportunity to raise objections to the jury charge, and Mr. Ripplinger again stated only his belief that page 11 of the jury instructions had been omitted.  He made no mention of the alleged improper comment by the court.   It was only  after the jury returned a verdict against his client that Mr. Ripplinger made these accusations.  The court can only conclude that plaintiff's counsel sees his only hope of upsetting the jury's decision is to accuse the judge and court reporter of misconduct.

The motion for a new trial [#60] is denied.

Entered this 10th day of January 2006.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE