E-FILED
Tuesday, 17 January, 2006  01:59:43 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL ALVAREZ, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 04-2162 |
| | ) |
| OFFICER TROY WASSON, badge number 347, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S RULE 54 REQUEST FOR COSTS

Plaintiff, Manuel Alvarez, brings the following objections to Defendant, Troy Wasson's, Motion for Costs:

1. Although Rule 54(d) provides Troy Wasson a basis to request certain trial costs, the request submitted by Troy Wasson is against this Court's Order and is excessive.

2. Plaintiff's first objection is based on the Order this Court entered on December 14, 2005. The Order stated "The parties are to bear their own costs." See Order attached as Exhibit "A". Therefore, Troy Wasson's Motion is improper. This Court has already ruled that each side is to bear their own costs and Wasson's Motion should be denied.

3. Alternatively, Plaintiff objects to some of the costs Wasson has included in his Bill of Costs. This Court has discretion in deciding whether

costs should be taxed against the Plaintiff pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. First, Plaintiff objects to the $255.00 filing fee with the Appellate Court. Pursuant, to Federal Rules of Appellate Procedure Rule 39(a)(1), if an appeal is dismissed, then the costs are taxed against the appellant, unless the parties agree otherwise. Wasson filed an appeal regarding this Court's denial of qualified immunity. Since the Notice of Appeal was filed, this case was tried by a jury who rendered a verdict for Wasson. He will surely dismiss the Appeal and therefore the costs for filing that Notice of Appeal should be taxed to him pursuant to Federal Rules of Appellate Procedure 39(a)(1).

4. Plaintiff also objects to the witness fees pursuant to 28 U.S.C. § 1920 and 28 U.S.C. § 1821. Plaintiff does not object to Officer Joseph Blew's trial testimony fee in the amount of $45.00 because he was called to testify in Wasson's case. However, Plaintiff objects to all other witness fees. Wasson included a witness deposition fee for Tiffany Dill in the amount of $30.00. Plaintiff subpoenaed Ms. Dill and she was issued a check. See Subpoena attached as Exhibit "B" and Copy of Check as Exhibit "C". Wasson should not be able to include a witness fee when Plaintiff paid Ms. Dill her expenses. Wasson also included a fee for $45.00 for Ms. Dill's trial testimony. Again, Plaintiff subpoenaed Ms. Dill at trial and paid her a witness fee. See Subpoena attached as Exhibit "D" and Copy of Check as Exhibit "E". Plaintiff called Ms.

Dill in her case and Defense counsel cross-examined her, but Defendant did not call Ms. Dill as a witness in his case. Therefore, this Court should reduce the witness fees to $45.00.

5. Although, costs may be taxed to the Plaintiff, this Court should take into consideration his ability to pay. In *Williams v. Hevi-Duty Elec.*, 122. F.R.D. 206 (M.D. Tenn 1988), the court took into consideration the plaintiff's ability to pay before taxing costs against him when he lost a discrimination lawsuit. In this case, Plaintiff has been unemployed since July, 2003, and any costs against him will impose hardship.

6. Therefore, this Court should deny Defendant's Motion to Tax Costs to the Plaintiff because this Court has already ordered that each party is to bear their own cost. However, if this Court does tax costs against the Plaintiff then Plaintiff requests that the $255.00 filing fee and $75.00 dollars in witness fees be excluded from the costs.

WHEREFORE, Plaintiff, Manuel Alvarez, prays that Defendant's Motion for Costs be denied.

**s/ Jamie L. Bas**
Jamie L. Bas Bar Number: 6277169
Attorney for Plaintiff
RIPPLINGER & ZIMMER, LLC
2215 W. Main Street
Belleville, IL 62226-6692
(618) 234-2440
FAX: (618) 234-6728
jamie@ripplingerlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of January, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John F. Martin
Meachum & Martin
110 N. Vermilion
Danville, IL 61832

                                **s/ Jamie L. Bas**
                                Jamie L. Bas Bar Number: 6277169
                                Attorney for Plaintiff
                                RIPPLINGER & ZIMMER, LLC
                                2215 W. Main Street
                                Belleville, IL 62226-6692
                                (618) 234-2440
                                FAX:  (618) 234-6728
                                jamie@ripplingerlaw.com