UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MANUEL ALVAREZ, SR.,        )
                            )
        Plaintiff,           )
                            )      04-2162
    v.                       )
                            )
OFFICER TROY WASSON,         )
                            )
        Defendant.           )

## ORDER

In December 2005, a jury, on Alvarez's excessive force claim, found in favor of the defendant, Officer Troy Wasson ("Wasson"), and against the plaintiff, Manuel Alvarez ("Alvarez"). The court entered judgment for the defendant and against the plaintiff. The judgment specified the parties were to bear their own costs.

The defendant has filed a motion for taxation of costs in the amount of $915.20, representing the filing fee (before trial) to appeal this court's denial of qualified immunity for Wasson, and fees for transcripts and witnesses.

Federal Rule of Civil Procedure 54(d) reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party *unless the court otherwise directs* ..." (emphasis added). Fed. R. Civ. P. 54(d); *Gardner v. Southern Ry. Sys.*, 675 F.2d 949, 954 (7th Cir. 1982). The prevailing party is presumptively entitled to costs; however, the court may find good reason to deny the award. *Gardner*, 675 F.2d at 954. If the award is denied, the court must articulate its reasons for doing so. *Gardner*, 675 F.2d at 954.

Alvarez objects to the motion. He reiterates that the court has already determined that the parties are to bear their own costs. He further argues that it would be a hardship to assess costs against him because he has not worked since 2003, when he sustained the injuries at issue in this case.

The court has reviewed Alvarez's testimony at trial. He was not asked if he was employed. However, at his deposition in June 2005, Alvarez stated that he holds a G.E.D. and worked at NAACO as a forklift operator until the plant closed down in 2001. Between 2001 and 2003, Alvarez did his own landscaping and his own painting. Alvarez incurred significant medical costs resulting from the injuries sustained on the night in question. His memorandum in opposition to the motion for a bill of costs states that he has been unemployed since 2003, and an award of costs would impose a hardship. The court agrees with Alvarez.

1

## CONCLUSION

The motion for taxation of costs [#67] is denied. For the foregoing reasons, the court adheres to its earlier decision that the parties should bear their own costs in this action.

Entered this 24th day of May, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT COURT

.